**Affirmed, in Part; Reversed and Remanded, in Part; and Opinion filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01136-CV

---

## WEIZHONG ZHENG, Appellant

## V.

## VACATION NETWORK, INC. AND LINH C. DINH, Appellees

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-33555**

---

## O P I N I O N

Appellant, Weizhong Zheng, appeals the trial court's judgment, dismissing, under Texas Rule of Civil Procedure 91a, Zheng's claims against appellees, Vacation Network, Inc. and Linh C. Dinh, and awarding attorney's fees to appellees. We reverse the portion of the judgment dismissing Zheng's claim under the Texas Timeshare Act against Vacation Network. We affirm the portion of the judgment dismissing Zheng's fraud claim against Vacation Network and all of

Zheng's claims against Dinh. We remand for further proceedings, including a determination of the appropriate awards of attorney's fees.

## I. BACKGROUND

Zheng alleges the following facts in his petition: On June 6, 2009, in response to solicitations from Vacation Network and after attending a presentation, Zheng entered into a timeshare contract with Vacation Network. Dinh is the president of Vacation Network. Zheng paid the full contractual price of $7,299. Appellees failed to provide the services they verbally promised and made materially false representations or concealed or failed to disclose material facts to secure Zheng's endorsement of the contract. Three days after execution, Zheng requested cancellation and a full refund. He has not used any contractual benefits. Appellees offered a modification, which Zheng declined. Appellees refused to honor Zheng's request for cancellation and retained his payment. The contract contained a waiver-of-rescission clause in violation of the Texas Timeshare Act, and appellees were not licensed to promote timeshares.

Zheng asserts two causes of action: (1) violations of the Timeshare Act; and (2) common law fraud. As we construe the petition, he seeks damages equal to the contractual price or rescission of the contract and a refund of the price.

Appellees filed a motion to dismiss each claim pursuant to Texas Rule of Civil Procedure 91a, to which Zheng responded. The trial court conducted a hearing on the motion. On September 23, 2013, the trial court signed an order granting the motion, dismissing all of Zheng's claims with prejudice, and ordering that appellees are entitled to recover their costs and attorney's fees associated with the motion. Appellees then filed a motion for award of its attorney's fees and entry of final judgment, with evidence attached to prove the amount of attorney's fees. On February 3, 2014, the trial court signed a final judgment, dismissing appellant's

2

claims with prejudice and awarding appellees $9,806.81 in attorney's fees. After the trial court signed the dismissal order but before it signed the final judgment, Zheng filed a motion for new trial, which was overruled.

## II. DISMISSAL OF ZHENG'S CLAIMS

Rule 91a, entitled "Dismissal of Baseless Causes of Action," provides in pertinent part:

> **91a.1 Motion and Grounds**. Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

> **91a.2 Contents of Motion**. A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

> . . .

> **91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

> (a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

> (b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

> (c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

3

. . .

> **91a.6 Hearing; No Evidence Considered**. Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.
>
> . . .

Tex. R. Civ. App. 91a.1, .2, .5 (a)–(c), .6.

Determinations of whether a cause of action has any basis in law and in fact are both legal questions which we review *de novo*, based on the allegations of the live petition and any attachments thereto. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).[1] In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id.* We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Id.*; *see Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.").[2]

Zheng's second and third issues are interrelated and challenge the merits of the dismissal. Zheng argues the trial court improperly considered evidence outside

---

[1] In his first issue, Zheng argues that, because Rule 91a is relatively new, there is no guidance regarding the applicable standard of review, but he urges the *de novo* standard should apply. After Zheng filed his brief, our court issued *Wooley*, prescribing *de novo* review as the standard. *See* 447 S.W.3d at 76. Thus, we sustain Zheng's first issue and apply that standard.

[2] Zheng, who is represented by counsel on appeal, emphasizes that he appeared pro se in the trial court. However, when considering his petition, we hold him to the same standards and rules of procedure applicable to a licensed attorney. *See Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

4

of the pleadings and erred by dismissing both claims. We will address separately the claims against each defendant because our analysis differs somewhat for each defendant.

## A. Claims against Vacation Network

### 1. Violations of Timeshare Act

Zheng characterizes his first claim as based on violations of the Texas Timeshare Act ("the Act"). *See generally* Tex. Prop. Code Ann. §§ 221.001–.090 (West, Westlaw through 2013 3d C.S.) ("the Texas Timeshare Act"). Liberally construing the petition, we glean that Zheng seeks recovery of his purchase price as actual damages or rescission of the contract and refund of the purchase price for two separate reasons: (1) appellees were not licensed by the Texas Real Estate Commission to promote timeshares; *see id.* § 221.021 (generally requiring that timeshare plan be registered with the commission); and (2) the contract contained a rescission-waiver clause which is invalid under the Act, and Vacation Network refused Zheng's timely request for cancellation. *See id.* § 221.041 (providing purchaser may cancel timeshare contract within certain timeframes, purchaser may not waive right of cancellation, and contract containing a waiver is voidable by purchaser).

In the motion to dismiss, Vacation Network asserted Zheng's claim has no basis in law or fact because the contract is not a timeshare agreement. In support, Vacation Network cited various portions of the Act and attached the contract, which was not an exhibit to Zheng's petition. Vacation Network stated the contract demonstrates Zheng purchased a right to buy, at a later time, accommodations at a discounted price and did not purchase an ownership right in property or right to use accommodations. According to Vacation Network, this distinction means the contract is not a timeshare agreement. Vacation Network

5

also relied on Zheng's answers to a questionnaire, made a part of the contract, in which he acknowledged the contract did not convey "any interest in . . . vacation timeshareing."

The parties dispute whether the trial court was permitted to consider the contract. Zheng maintains the trial court could not because the contract was not attached as an exhibit to the petition or filed and referred to therein. *See* Tex. R. Civ. P. 91a.6 (providing that, except as to attorney's fees, court may not consider evidence in ruling on the motion to dismiss and must decide the motion based solely on the pleading, "together with any pleading exhibits permitted by Rule 59"); *id.* 59 (providing, inter alia, that written instruments, constituting "the claim sued on" may be made a part of the pleading by originals or copies being attached, filed and referred to, or copied in the body).

In contrast, Vacation Network argues (1) Zheng waived his contention that the trial court could not consider the contract by failing to object and by presenting his own evidence in response to the motion to dismiss, and (2) the trial court was permitted to consider the contract pursuant to Rule 91a.6 because it constitutes "the claim sued on" under Rule 59, albeit attached to the motion to dismiss rather than the petition. *See id.*

We need not decide whether the trial court was permitted to consider the contract because even if it was permitted, the trial court erred by dismissing the claim based on violations of the Act. Whether the contract is a timeshare agreement involves comparison of the contractual terms and the nature of the interest purchased by Zheng against the statute, including its definitions relative to what constitutes a timeshare interest. The analysis also involves a determination of whether Zheng is bound by his answers to the questionnaire irrespective of whether the contractual terms may be construed as a timeshare agreement. Thus,

6

these issues extend beyond a mere determination of whether the claim as pleaded is baseless under the Rule 91a standards. This is not a situation in which a court can determine based on the pleadings that "no reasonable person" could believe the contract is a timeshare agreement, as required for the claim to have no basis in fact. *See* R. 91a.1. And, determining the claim has no basis in law would be contrary to the Rule 91a standard and our court's precedent that we take as true Zheng's allegation that the contract is a timeshare agreement.[3] *See id.*; *Wooley*, 447 S.W.3d at 76.[4] Instead, Vacation Network's contention seems to be a summary-judgment ground because it asserted that the evidence and authority negates the pleaded facts—which, upon proper motion, Zheng is entitled to have evaluated under summary-judgment standards. *See generally* Tex. R. Civ. P. 166a. Accordingly, the trial court erred by dismissing the claim against Vacation Network based on the Act.

## 2. Fraudulent Inducement

We construe the pleading as alleging Vacation Network fraudulently induced Zheng into executing the contract. The elements of fraud are (1) the speaker made a material representation, (2) it was false, (3) the speaker knew the representation was false when he made it or he made it recklessly without any knowledge of its truth and as a positive assertion, (4) the speaker made the representation with intent that the other party act upon it, (5) the other party acted in reliance on the misrepresentation, and (6) that party suffered injury thereby. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337

---

[3] As Vacation Network points out, Zheng does not explicitly state in his petition that the contract is a timeshare agreement, but liberally construing the petition, we construe the crux as alleging the contract is a timeshare agreement.

[4] In its motion, Vacation Network did not assert that even if the contract were a timeshare agreement, the Act does not authorize a private cause of action for damages based on violations of the Act or Zheng has no grounds for rescinding the contract and obtaining a refund.

7

(Tex. 2011). For fraudulent inducement, the elements of fraud must be established as they relate to an inducement to enter into a contract between the parties. *See Haase v. Glazner,* 62 S.W.3d 795, 798–99 (Tex. 2001).

In the motion to dismiss, Vacation Network challenged the fraud claim for several reasons. We conclude the trial court properly dismissed the fraud claim on the first ground raised by Vacation Network and thus we need not consider its remaining grounds.

In its first ground, Vacation Network contended the fraud claim has no basis in law or fact because Zheng fails to identify what false representations were allegedly made, or what material facts were allegedly concealed or undisclosed, by Vacation Network. As Vacation Network correctly asserted, Zheng recites the elements of a fraud claim but includes no supporting facts; he fails to allege any misrepresentations that were made or any facts that were concealed or undisclosed in order to induce him into executing the contract. After Vacation Network specifically raised this deficiency in its motion to dismiss, Zheng failed to amend his petition to identify any facts supporting the fraud claim, as permitted to avoid dismissal of the claim as originally pleaded. *See* Tex. R. Civ. P. 91a.5(b), (c).

In this regard, our court recently likened the standard for addressing a Rule 91a motion to the standard for addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." *See Wooley*, 447 S.W.3d at 75–76; Fed. R. Civ. P. 12(b)(6). We emphasized that for a claim to survive a Rule 12(b)(6) motion, it must contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 76 (quoting *GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied), which quoted *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a federal complaint is liberally construed in the

plaintiff's favor and all well-pleaded facts are taken as true, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *GoDaddy*, 429 S.W.3d at 754, which quoted *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In the present case, Zheng's pleading contains merely a "threadbare recital[]" of the elements of a fraudulent inducement claim without any alleged facts. Accordingly, the trial court did not err by determining the claim has no basis in law or fact. *See id.*

**B.    Claims against Dinh**

In the motion to dismiss, Dinh asserted that Zheng fails to plead any causes of action against Dinh personally. We agree. Zheng pleads that Vacation Network is a corporation and Dinh is its president. Although Zheng refers to the "Defendants" collectively in the petition, it is undisputed he contracted only with Vacation Network. Consequently, Zheng essentially pleads that it is Vacation Network who fraudulently induced Zheng to execute the contract, violated the Act, and holds the purchase price that Zheng seeks either as damages or as a refund if the contract is rescinded.

Zheng pleads no basis whatsoever for imposing liability against Dinh individually. In particular, Zheng alleges no theory for disregarding the corporate form and holding Dihn personally liable for the actions of Vacation Network. Zheng's only argument on appeal for retaining Dinh as a defendant is that Zheng was not required to "marshal" all his evidence in the petition. However, this is not merely a failure to "marshal" evidence but a failure to state any basis for a claim against Dinh individually. Additionally, we may uphold dismissal of the fraud claim against Dinh for the same reason we uphold dismissal of that claim against Vacation Network—Zheng pleads only a "threadbare recital[]" of the elements

9

without any supporting facts. *See id*. Accordingly, the trial court did not err by concluding the claims against Dinh have no basis in law or fact.

In summary, we sustain Zheng's third issue as to the claim against Vacation Network under the Act but overrule the issue as to the fraud claim against Vacation Network and all claims against Dinh.

### III. ATTORNEY'S FEES

In his fourth issue, Zheng contends that, if he prevails in this appeal, (1) we must reverse the trial court's award of attorney's fees to appellees, and (2) Zheng is entitled to recover his appellate attorney's fees.

Under Texas law, attorney's fees are not recoverable unless specifically provided by contract or statute. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). With respect to attorney's fees, Rule 91a provides:

> **91a.7 Award of Costs and Attorney Fees Required**. Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

Tex. R. Civ. P. 91a.7. Undisputedly, the rule mandates an award of attorney's fees to a prevailing party, and the award is not discretionary. *See. id*; *see also Drake v. Chase Bank,* No. 02–13–00340–CV, 2014 WL 6493411, at *2 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.).

We agree that appellees are not necessarily entitled to all attorney's fees they were awarded; in light of our disposition, they are no longer prevailing parties on all claims. *See* Tex. R. Civ. P. 91a.7. Consequently, on remand, appellees must segregate the reasonable and necessary fees incurred to obtain dismissal of the fraud claim against Vacation Network and all claims against Dinh from those

10

incurred to obtain dismissal of the claim against Vacation Network under the Act or demonstrate why segregation is not required. *See CA Partners v. Spears*, 274 S.W.3d 51, 81–82 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (recognizing that, if any attorney's fees relate solely to claims for which fees are unrecoverable, party seeking fees must segregate recoverable from unrecoverable fees, except when discrete legal services relate to both recoverable claims and unrecoverable claims, they are so "intertwined" that segregation is not required; and party seeking fees bears burden to show segregation is not required).

With respect to Zheng's request for appellate fees, appellees assert that a prevailing party on a Rule 91a motion is entitled to recover only the attorney's fees incurred in the trial court.[5]   Appellees focus on the phrase "in the trial court" in Rule 91a.7, contending it means the prevailing party may recover only the fees it incurred at the trial court level.  We disagree.

We note this issue is one of first impression because Rule 91a is fairly new. The parties do not cite, and we have not found, any authority addressing whether a prevailing party on a Rule 91a motion is entitled to recover appellate attorney's fees.  When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 579 (Tex. 2012).  We first look to the plain language of the rule and construe it according to its plain or literal meaning. *Id.*

Applying this principle, our disposition hinges on the placement of the phrase "in the trial court" within Rule 91a.7.  The phrase is not placed directly after the word "incurred." *See* Tex. R. Civ. P. 91a.7.  In other words, the rule does not state that the trial court must award the prevailing party "all costs and reasonable

---

[5] There is no issue on whether Zheng may recover attorney's fees incurred in the trial court because he appeared *pro se* at that stage and first obtained counsel to prosecute his appeal.

and necessary attorney's fees incurred in the trial court . . . ." *See id.* Instead, "in the trial court" is placed after the phrase "with respect to the challenged cause of action." *See id.* Accordingly, the plain language of the rule indicates "in the trial court" refers to "the challenged cause of action." *See id.* Thus, the prevailing party is limited to recovering the fees and costs associated with the cause of action that was challenged at the trial court level—in the motion to dismiss. *See id.* Our construction regarding the reason for inclusion of "in the trial court" is supported by the comment to Rule 91a: "Attorney fees awarded under 91a.7 are limited to those associated with challenged cause of action, including fees for preparing or responding to the motion to dismiss." *See* comment to Tex. R. Civ. P. 91a.7.

There is no limitation in the rule on the fees and costs the prevailing party is entitled to recover relative to the cause of action challenged in the trial court. *See* Tex. R. Civ. P. 91a.7. Specifically, there is nothing to suggest that "all costs and reasonable and necessary attorney fees" excludes appellate costs and fees which are generally recoverable when attorney's fees are authorized. *See In re Estate of Hardesty*, 449 S.W.3d 895, 917 (Tex. App.—Texarkana 2014, no pet.); *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 147–48 (Tex. App.—Dallas 2011, no pet.); *Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.—Fort Worth 2004, no pet.). Rather the word "all" entails just that—"all" fees—which would include appellate fees, because they are part of the fees incurred to ultimately prevail, if the ruling is appealed. *See* Tex. R. Civ. P. 91a.7.

Our conclusion is also supported by a provision of the Texas Civil Practice and Remedies Code promulgated to correspond with the provision of the Texas Government Code requiring the Supreme Court of Texas to adopt a rule mandating the dismissal of claims that have no basis in law or fact. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.021 (West, Westlaw through 2013 3d C.S.); Tex. Gov't

12

Code § 22.004(g) (West, Westlaw through 2013 3d C.S.). Section 30.021 provides that subject to the same exceptions set forth in Rule 91a.7, the trial court, when granting or denying a motion to dismiss, in whole or part, "shall award costs and reasonable and necessary attorney's fees to the prevailing party." *Id.* This section does not restrict such costs and attorney's fees to those incurred in the trial court. *See id.*

Therefore, we conclude Zheng is entitled to recover reasonable and necessary appellate attorney's fees, but not necessarily all of his appellate fees because he is the prevailing party only relative to his claim against Vacation Network under the Act. Accordingly, on remand, Zheng must segregate his fees incurred to appeal dismissal of that claim from those incurred to appeal dismissal of his fraud claim against Vacation Network and all claims against Dinh or demonstrate why segregation is not required. *See CA Partners*, 274 S.W.3d at 81–82.

In summary, we reverse the portion of the trial court's judgment dismissing Zheng's claim against Vacation Network under the Act. We affirm the portion of the judgment dismissing Zheng's fraud claim against Vacation Network and all of Zheng's claims against Dinh. We remand for further proceedings consistent with this opinion.

/s/        John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Wise.