ACCEPTED
03-15-00513-CV
7995173
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/25/2015 2:31:06 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00513-CV

========================================================

In The Court Of Appeals
Third Court Of Appeals District
Austin, Texas

========================================================

**ELWYN D. SHUMWAY,
APPELLANT**

**VS.**

**WHISPERING HILLS OF COMAL COUNTY, TEXAS
PROPERTY OWNERS ASSOCIATION, INC.,
APPELLEE**

========================================================

APPEAL FROM CASE NO. C2015-0215A; 22ND JUDICIAL DISTRICT
COMAL COUNTY, TEXAS
HON. DIBRELL WALDRIP, PRESIDING

========================================================

BRIEF OF APPELLEE

ZACHARY B. AOKI
State Bar No. 01275870
zaoki@thurman-phillips.com
MICHAEL B. THURMAN
State Bar No. 2006500
4093 De Zavala Road
San Antonio, Texas 78249
(210) 341-2020 – Telephone
(210) 344-6460 – Facsimile
COUNSEL FOR APPELLEE, WHISPERING HILLS OF COMAL
COUNTY, TEXAS PROPERTY OWNERS ASSOCIATION, INC.

CAUSE NO. 03-15-00513-CV

=========================================================

In The Court Of Appeals
Third Court Of Appeals District
Austin, Texas

=========================================================

**ELWYN D. SHUMWAY,
APPELLANT**

**VS.**

**WHISPERING HILLS OF COMAL COUNTY, TEXAS
PROPERTY OWNERS ASSOCIATION, INC.,
APPELLEE**

=========================================================

APPEAL FROM CASE NO. C2015-0215A; 22ND JUDICIAL DISTRICT
COMAL COUNTY, TEXAS
HON. DIBRELL WALDRIP, PRESIDING

=========================================================

**BRIEF OF APPELLEE**

TO THE HONORABLE COURT OF APPEALS:

Appellee, Whispering Hills of Comal County, Texas Property Owners

Association, Inc., files this Brief for Appellee and respectfully states:

## IDENTITY OF PARTIES AND COUNSEL

In addition to the parties and counsel named by Appellant, the following is a party to the trial court's judgment appealed from:

Defendant/Appellee:
Whispering Hills of Comal County, Texas Property Owners Association, Inc.

Represented By:

Michael B. Thurman
State Bar No. 2006500
Zachary B. Aoki
State Bar No. 01275870
Thurman & Phillips, P.C.
4093 De Zavala Road
San Antonio, Texas 78249

Mr. Thurman is not a party to the judgment.
Mr. Aoki is not a party to the judgment.
Hon. Dibrell Waldrip is not a party to the judgment.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     iv

STATEMENT OF THE CASE     v

STATEMENT REGARDING ORAL ARGUMENT     vii

ISSUES PRESENTED     viii

STATEMENT OF FACTS     2

SUMMARY OF THE ARGUMENT     4

ARGUMENT     5

    I.     STANDARD OF REVIEW     5

    II.     TAKING ALL FACTS AS TRUE, APPELLANT CANNOT OBTAIN THE RELIEF SOUGHT AS A MATTER OF LAW     5

    III.     THE TRIAL COURT DID NOT ERR WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS BASED ON LIMITATIONS     7

       A.     The trial court assumed all facts to be true.     7

       B.     The trial court properly ruled that the cause of action arose more than four years before the suit was filed.     7

CONCLUSION     9

PRAYER     10

CERTIFICATE OF COMPLIANCE     11

CERTIFICATE OF SERVICE     12

APPENDIX     13

# INDEX OF AUTHORITIES

Cases

*City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 821-22 (Tex. App. – Austin 2014, no pet)      5

*GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App. – Beaumont 2014, pet. denied)      7

*Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir.1977)      7

*Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833 (Tex.App.-Dallas 2011, no pet.)      8

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)      8

*Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982)      5

*Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).      6

*Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183-84 (Tex.App. -- Houston [14th Dist.] 2015, pet. denied).      5

Rules

Fed. R. Civ. P. 12(b)(6)      7

TEX. R. CIV. P. 91a (West 2015)      4, 5, 7

# STATEMENT OF THE CASE[1]

This is an appeal of an order granting a motion to dismiss. Appellee filed its motion to dismiss on April 28, 2015. (CR 13)

Appellant filed his Original Petition on February 10, 2015, which was assigned to the 22nd Judicial District Court, Comal County, Texas. (CR 4) in his First Amended Petition, Appellant pled for a declaratory judgment seeking a determination of his rights pursuant to a deed he received for certain property in Comal County, Texas. (CR 9) Appellee requested that the Court enter a final judgment that he could use his Property for nonresidential purposes. In its motion to dismiss, Appellee contended that the petition and attachments thereto demonstrated that as a matter of law the Appellant could not receive the relief he sought. On July 7, 2015, Appellant filed his Second Amended Original Petition after the trial court gave permission to amend or seek counsel.

The trial court heard argument on the Motion to Dismiss on June 17, 2015 and July 14, 2015. (RR vol. 2, p. 1, vol. 3, p. 1) Appellee appeared through its attorney and appellant, pro se.

---

[1] References to the Clerk's Record are designated (CR ___). References to the Reporter's Record are designated (RR ___).

At the initial hearing, the trial court considered the arguments of both parties and reviewed the pleadings. The trial court reset a hearing on the matter to allow the Appellant to amend his petition and state a cognizable cause of action. (RR Vol. 2, p. 35-37, 42-43, 47-48) The trial court considered further argument and after due consideration, ordered that the lawsuit be dismissed. (RR Vol. 3, p. 55-56) (CR 65) The trial court heard testimony with regard to attorney's fees. Based on the evidence presented, the trial court awarded Appellee $3375 in attorney's fees. The court's decision was reduced to writing and an order was filed on July 22, 2015. (CR 65-66) It is from this final order that Appellant has appealed.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument as it is of the opinion that oral argument will not materially aid the Court in making its decision. No novel issues or arguments are presented in this case.

# ISSUES PRESENTED

Appellant has asserted four "Points of Error" in his Brief. The first three points are subsumed under the following point:

**Issue No. 1:** Did the trial court err in granting the motion to dismiss based on the conclusion that the statute of limitations barred the relief sought?

Appellee agrees with the formulation of the fourth point of error.

Appellee will address the points out of order because the fourth point of error is outcome determinative. Sustaining the trial court's decision that the pleading does not state a claim obviates the need to decide whether limitations bars the claims.

CAUSE NO. 03-15-00513-CV

==========================================================

In The Court Of Appeals
Third Court Of Appeals District
Austin, Texas

==========================================================

**ELWYN D. SHUMWAY,
APPELLANT**

**VS.**

**WHISPERING HILLS OF COMAL COUNTY, TEXAS
PROPERTY OWNERS ASSOCIATION, INC.,
APPELLEE**

==========================================================

APPEAL FROM CASE NO. C2015-0215A; 22ND JUDICIAL DISTRICT
COMAL COUNTY, TEXAS
HON. DIBRELL WALDRIP, PRESIDING

==========================================================

TO THE HONORABLE COURT OF APPEALS:

Appellee, Whispering Hills of Comal County, Texas Property Owners

Association, Inc., files this Brief for Appellee and respectfully states:

**STATEMENT OF FACTS**

Appellee is a Texas nonprofit corporation organized to manage the affairs and enforce the declaration of covenants, conditions, and restrictions at the subdivision known as Whispering Hills located in Comal County, Texas. On March 22, 1975, Appellant purchased lots 2 and 5 in the Whispering Hills subdivision. (CR 37) Appellant obtained a contract for deed for the properties and received a deed for the properties on or about October 15, 1984. (CR 35-40) The contract for deed contained and described restrictions on the use of the properties. (CR 37-40) Included among the restrictions was a clause limiting use of the property to residential purposes unless designated as a business lot. (CR 40) When Appellant received his deed, the restrictions had changed in form but not substance. (CR 35, Appendix to Appellant's Brief at p. 36)

Appellant concedes that he has known for some time of the failure of the developer to designate his lots for business purposes. He further conceded in his pleadings that the lots were not designated for business purposes. (CR 25) Attached as an exhibit to Appellant's three petitions was a letter from Steven Bepko dated July 7, 2010. (CR 48) In that letter, Mr. Bepko states that the owners of certain properties, including the ones owned by Appellant's, had a dispute with the Association regarding the use of their properties. (CR 48) He states in his

2

opinion that the properties should be used for business purposes and were sold as business lots. (CR 48)

On June 17 and July 14, 2015, the trial court heard Appellee's Motion to Dismiss. (RR Vol. 1, 2 and 3) The trial court granted the Motion to Dismiss. (RR Vol. 3 p. 55-56) On or about July 22, 2015, the trial court signed the order dismissing the lawsuit. (CR 65) Appellant filed his Notice of Appeal on or about August 14, 2015. (CR 67-68)

## SUMMARY OF THE ARGUMENT

This appeal involves the granting of a motion to dismiss pursuant to Tex. R. Civ. P. 91a. The trial court properly granted Appellee's Motion to Dismiss. Taking the allegations stated in the petition as true, no basis in law exists that would entitle Appellant to the relief sought. The trial court acted properly because the allegations establish that the Appellant has no right to use his lots for business purposes. Furthermore, the trial court acted properly because the pleadings and attachments conclusively establish that Appellant knew that he could not use his property for business purposes more than four years before he filed suit.

## ARGUMENT

### I.   STANDARD OF REVIEW

Rule 91a of the Texas Rules of Civil Procedure permits a trial court to dismiss a cause of action that has no basis in law or fact. *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 821-22 (Tex. App. – Austin 2014, no pet); TEX. R. CIV. P. 91a (West 2015).  In reviewing a trial court's ruling on a 91a motion, the Court should review the trial court decision *de novo,* based on the allegations of the live petition and any attachments thereto. *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183-84 (Tex.App. -- Houston [14th Dist.] 2015, pet. denied).  In conducting the review, the Court should accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id.*; *see Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982).

### II.   TAKING ALL FACTS AS TRUE, APPELLANT CANNOT OBTAIN THE RELIEF SOUGHT AS A MATTER OF LAW

Rule 91a allows a trial court to dismiss a cause of action if the facts as set forth do not allow recovery as a matter of law. TEX. R. CIV. P. 91a.  Appellant acknowledges that the recorded documents do not permit use of his property for a non-residential purpose.  Because the recorded deed has never permitted the use of the property for business purposes, the trial court did not have the power to rewrite

5

the unambiguous deed regardless of what rights Appellant may have thought he obtained more than forty years earlier.

In the absence of ambiguity, the interpretation of a contract is a legal question for a court. *Tawes v. Barnes,* 340 S.W.3d 419, 425 (Tex. 2011). In this case, Appellant has attached both his contract for deed and his deed. (CR 35, 40) The contract for deed states, "The property herein described shall be used solely for new residential purposes." (CR 40) Appellant's deed states, "All tracts shall be used solely for residential purposes, except tracts designated for business purposes…." (CR 35) Appellant admits that his tract was not designated for business purposes. Appellant's Brief at 8. The Original Petition, First Amended Original Petition and the Second Amended Original Petition all attached the deed and contract for deed as exhibits. In all three pleadings, Appellant states that the recorded plat does not designate his tracts for business purposes. (CR 25) Given that no document states that the property may be used for business purposes, Appellant cannot receive the relief that he sought – a declaration that he has the right to use the property for business purposes. (CR 30) Thus, the trial court did not err when granting the Motion to Dismiss.

### III. THE TRIAL COURT DID NOT ERR WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS BASED ON LIMITATIONS

Even if the Court determines that the trial court should not have granted the motion to dismiss based on plaintiff's attachments and admissions, the trial court properly ruled that limitations barred Appellant's claim.[2]

#### A. *The trial court assumed all facts to be true.*

Rule 91a requires the trial court to assume all allegations to be true together with all reasonable inferences to be drawn from the allegations when deciding if a cause of action has a basis in law. TEX R. CIV.P. 91a. The trial court stated on numerous occasions during the hearings that he assumed all of the Appellant's facts to be true. (RR Vol. 2, p. 29, 32, 36, 40, 44, 47; Vol. 3 p. 54) Appellant has provided no basis to conclude that the trial court acted inappropriately.

#### B. *The trial court properly ruled that the cause of action arose more than four years before the suit was filed.*

Appellant states he did not suffer a legal injury until he inquired about the use of his property for business purposes. A "legal injury" occurs when facts come into existence that authorize a party to seek a judicial remedy. *Provident Life &*

---

[2] Federal courts have permitted dismissal of suits pursuant to FED. R. CIV. P. 12(b)(6) based on the statute of limitations. *Mann v. Adams Realty Co.,* 556 F.2d 288, 293 (5th Cir.1977). Because TEX. R. CIV. P. 91a is analogous to FED. R. CIV. P. 12(b)(6), Texas courts may look to case law interpreting 12(b)(6). *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App. – Beaumont 2014, pet. denied).

7

*Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *Prestige Ford Garland Ltd. P'ship v. Morales,* 336 S.W.3d 833 (Tex.App.--Dallas 2011, no pet.)

Appellant's claim arises from the transaction he entered into in 1975. Appellant asserts that he received certain promises regarding the use of his property. Appellant further admits that the promises made by the developer are contrary to the rights set forth in his deed. Appellant states that he does not know the exact date he learned that his property could not be used for business purposes; however, he admits that the knowledge was obtained more than four years prior to filing suit. Appellant's Brief at 16. Appellant's contract for deed unambiguously states that the property shall be used for residential purposes only. (CR 40) He received his deed in 1984. (CR 35)

Even if the contract for deed did not create a legal injury, receipt of a deed that did not permit use as a business certainly did. *See Prestige Ford*, 336 S.W.3d at 838-39. At that time, Appellant received his property subject to the restriction that it be used for residential purposes unless otherwise designated. Upon receipt of the deed, the applicant suffered injury because he received something less than what he had been promised. Because a legal injury was suffered more than four years prior to filing suit, the trial court did not err.

Finally, Appellant attached a letter that written on July 7, 2010. (CR 48) Appellant wants to disavow those portions of the letter that do not benefit him. However, the letter further supports the statements of Appellant that he thought he was buying a property that could be used for business purposes and that he knew that the property had not been designated for business purposes more than four years before filing suit. Certainly by July 2010, Plaintiff knew that the Appellee was not going to permit business use. At that point, Appellant suffered his injury because he had been told he could use the property for residential or business purposes.[3]

## CONCLUSION

The trial court properly granted the Motion to Dismiss. Assuming all facts as stated in the First and Second Amended Petitions to be true and reviewing the record *de novo*, no basis in law exists to declare that Appellant was entitled to use his property for business purposes. Therefore, the trial court did not commit error and the judgment of the trial court should be affirmed.

---

[3] Appellee asserts that the injuries were suffered when Appellant received the contract for deed in which it states that the property shall be used only for residential purposes.

## **PRAYER**

Appellee respectfully requests that the Court of Appeals affirm the judgment of the trial court. Appellee further requests that all costs of the appeal be taxed against Appellant. Appellee requests such further relief to which it may be entitled.

Respectfully submitted,


THURMAN & PHILLIPS, P.C.


/s/ ZACHARY B. AOKI
ZACHARY B. AOKI
State Bar No. 01275870
zaoki@thurman-phillips.com
MICHAEL B. THURMAN
State Bar No. 2006500
8000 IH-10 West, Suite 1000
San Antonio, Texas 78230
(210) 341-2020 – Telephone
(210) 344-6460 – Facsimile
ATTORNEYS FOR APPELLEE

## **CERTIFICATE OF COMPLIANCE**

I certify that Appellee's Brief does not exceed the word count limit as set forth in Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure. The exact word count based on the information provided by Word 2013 is 1701.

/s/ Zachary B. Aoki
Zachary B. Aoki

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the above document was served on the Appellant by electronic mail on the 25th day of November, 2015.

/s/ Zachary B. Aoki
Zachary B. Aoki

## **APPENDIX**

A. FED. R. CIV. P. 12(b)(6)

B. Contract for Deed (CR 37-40)

C. Bepko Letter (CR 48)

13



United States Code Annotated
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title III. Pleadings and Motions

Federal Rules of Civil Procedure Rule 12

Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment
on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 12 are displayed in two separate documents. Notes of Decisions for subdivisions I to VII are contained in this document. For Notes of Decisions for subdivisions VIII to end, see second document for 28 USCA Federal Rules of Civil Procedure Rule 12.>

**(a) Time to Serve a Responsive Pleading.**

**(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

**(A)** A defendant must serve an answer:

**(i)** within 21 days after being served with the summons and complaint; or

**(ii)** if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

**(B)** A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

**(C)** A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

**(2)** *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

**(3)** *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

**(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

**(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

**(B)** if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

**(1)** lack of subject-matter jurisdiction;

**(2)** lack of personal jurisdiction;

**(3)** improper venue;

**(4)** insufficient process;

**(5)** insufficient service of process;

**(6)** failure to state a claim upon which relief can be granted; and

**(7)** failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must

B



# CONTRACT FOR DEED

STATE OF TEXAS

COUNTY OF_____COMAL_____}

THIS CONTRACT AND AGREEMENT, made and entered into this 22 day of March , 1975 , by and between

## LAKECROFT, INC.

1003 N. E. Loop 410, San Antonio, Texas 78209

a Texas corporation, hereinafter called Seller, and E.D. Shumway

3406 Zodiac Universal City 78148

owning and occupying other property as their Homestead, hereinafter called Purchaser, whether one or more,

## WITNESSETH:

The Seller contracts and agrees to sell to Purchaser, and Purchaser hereby contracts and agrees to buy, at the price and upon the terms hereinafter set forth, the following described real property, in its present condition, situated in Comal County, Texas, to-wit:

Lot(s) 2 & 5 , Block _____, in Whispering Hills

a subdivision, according to map or plat thereof duly recorded in Volume 4 , Page 20-27 , Map and Plat Records of Comal County, Texas.

### I.

The total CASH PRICE which Purchaser shall pay for the conveyance of the above described property is the sum of $ 22,000.00 . If the Purchase Price is to be financed: the FINANCE CHARGE (interest only) is $ 11,692.12 ; the ANNUAL PERCENTAGE RATE is 8 %; the DEFERRED PAYMENT PRICE IS $33,692.12 , which is the total of the CASH PRICE and FINANCE CHARGE (interest only) and the CASH DOWN PAYMENT is $ 1320.00 plus $827.20 pre-paid interest , the receipt of which is hereby acknowledged, and the UNPAID BALANCE OF THE CASH PRICE (AMOUNT FINANCED) is $ 20,680.00 . Such UNPAID BALANCE (AMOUNT FINANCED) is to be paid as follows: XXXXXXXXXXXXXXXXX $ FIVE (5) semi-annual installments of $ 827.20 each, XXXXXXXXXXXXXX and FINANCE CHARGE (interest only) XXX followed by 14 semi-annual installments of $1957.78 XXXXX, and a TOTAL OF PAYMENTS of $32,372.12 , which is the total of the UNPAID BALANCE OF CASH PRICE (AMOUNT FINANCED) and the FINANCE CHARGE (interest only). The First Installment is due and payable on or before Sept. 22, 1975 and a like installment to become due and payable on or before the same day of each and every succeeding calendar month thereafter until entire balance is paid in full, the sum payable by Purchaser hereunder to be payable at Lakecroft Inc. P.O. Box 1302 San Antonio, Texas 78295

or at such place as may be hereafter designated in writing by Seller.

Con't

EXH 3

37

**SECURITY:**

The property more fully described above or anything at any time hereafter built or placed on it is the only security held for the payment of the deferred payment price and the other obligations of Purchaser for certain assessments and payment of taxes as may arise hereafter as more fully described in paragraph IV, V, and VI.

II.

**DEFAULT:**

As each installment is paid, the same is to be applied first to the payment of accrued FINANCE CHARGE to the date of such payment and the balance, if any, is to be applied on the principal hereof until the whole of said deferred payment price is fully and completely paid, but failure to pay installments as required may result in a forfeiture of Purchaser's rights hereunder as more fully described in PARAGRAPH VI.

III.

Seller hereby agrees that when all sums due and owing under the terms and conditions of this contract shall have been fully paid, Seller will deliver to Purchaser a General Warranty Deed conveying the above described property to Purchaser, subject only to restrictions, easements, and mineral conveyances and reservations now of record, and to the restrictions, easements, assessments, reservations and covenants, hereinafter in this agreement set forth, including those set forth in Exhibit "A" attached hereto and made a part hereof. The recording of said deed shall be at the expense of Purchaser. If Purchaser desires a title policy, it may be obtained at the Purchaser's expense and Seller will arrange for same at Purchaser's request.

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

1-75

*CONT'*

## IV.

Taxes have been prorate~~d~~ date hereof. Purchaser shall pay all taxes ~~and~~ assessments which may accrue against the above described property after the date hereof, and in the event Purchaser shall fail to pay said taxes and/or assessments when due, Seller may pay such taxes and/or assessments and add all such amounts to the balance remaining yet unpaid under this contract. Any amount so paid by Seller shall bear interest from date paid at the rate of 10% per annum.

## V.

An assessment of $15.00 per year shall run against the above described property for the maintenance of the park-recreation area, and for operating costs according to rules and regulations of Seller. The decision of Seller, its nominee or designee with respect to the use and expenditure of such funds shall be conclusive and the Purchaser shall have no right to dictate how such funds shall be used. Such assessment shall be and is hereby secured by a lien on the above described property, and shall be payable to Seller in San Antonio, Bexar County, Texas, on the 1st day of June of each year, commencing June 1, 19 76 , or to such other persons as Seller may designate by instrument filed of record in the office of the County Clerk of Comal County, Texas. In the event this contract shall cover more than one tract or lot in the aforesaid subdivision, there will be only one assessment in the amount above stipulated; provided, however, that in the event Purchaser should sell one or more of his said tracts to a party who theretofore did not own property in the above described subdivision, then said tracts so transferred shall thereafter be subject to the assessment and lien herein provided for. The title in fee simple to land designated as park-recreation area on the plat of said subdivision is to be retained by the Seller, its successors or assigns, and the Purchaser, his heirs, successors, executors, administrators or assigns, further agrees that the use of the park-recreational area is subject to the approval of the user by Seller, its successors or assigns, and to the rules or regulations of Seller now in force, or which may from time to time be made by Seller, its successors or assigns, which rules shall be binding upon the Purchaser, his successors or assigns.

## VI.

If Purchaser shall fail to pay any one or more of said installments of Purchase Price for a period of thirty (30) days after it or they become due, or shall violate or fail to perform any other of the agreements, conditions, or restrictions herein contained for a period of thirty (30) days after the giving by Seller to Purchaser of written notice of such violation or failure to perform, Seller may, if Seller so elects, send written notice to Purchaser of Seller's intention to cancel and forfeit this agreement, and unless Purchaser shall cure such default within sixty (60) days after the giving of such notice of intention to cancel and forfeit, this agreement shall, upon the expiration of said sixty (60) day period, become void and of no effect, and Seller may thereupon re-enter said property, take possession thereof, and be released from all obligations hereunder, and all monies theretofore paid hereon, and all improvements made to said property by Purchaser, shall be retained and held by Seller as liquidated damages and as rent for said property. Written notices given hereunder shall be by registered or certified mail and shall be considered given at the time mailed to Purchaser at the address hereinabove stated, or, at the option of Seller, to such other address as may then be the residence or place of business of Purchaser. This agreement shall not be placed of record. This agreement shall not be construed as a conveyance or sale of the property above described, but shall be construed as a mere agreement to sell the property under the terms and conditions herein set out, and the relationship created between the Seller and the Purchaser shall be that of landlord and tenant until such time as the Seller delivers to Purchaser a warranty deed, as herein provided for.

## VII.

No representations, understandings, or agreements have been made or relied upon in the making of this agreement other than those specifically set forth herein. This agreement can only be modified in writing by the parties hereto or their duly authorized agents.

## VIII.

You have the option to void your contract or agreement by notice to the seller if you did not receive a Property Report prepared pursuant to the Rules and Regulations of the Office of Interstate Land Sales Registration, U.S. Department of Housing and Urban Development, in advance of, or at the time of your signing the contract or agreement. If you received the Property Report less than 48 hours prior to signing the contract or agreement you have the right to revoke the contract or agreement by notice to the Seller until midnight of the third business day following the consummation of the transaction. A business day is any calendar day except Sunday, or the following business holidays: New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Veteran's Day, Columbus Day, Thanksgiving and Christmas.

## IX.

PURCHASER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.

EXECUTED in duplicate originals this 22 day of March , 19 75 .

X _____
PURCHASER

_____
PURCHASER

**LAKECROFT, INC.**

By_____
PRESIDENT/VICE PRESIDENT         SELLER

1003 N. E. Loop 410, San Antonio, Texas 78209
(512) 826-8666

39

# RESTRICTIONS — WHISPERING HILLS

It is mutually agreed by and between the parties hereto that the property herein described, and all other property which may form a part of the recorded subdivision which includes the property herein described, shall be subject to the following restrictions, covenants and reservations, which shall be binding on the parties hereto and all persons claiming under them, to-wit:

1. The property herein described shall be used solely for new residential purposes. All other tracts shall be used solely for residential purposes, except tracts designated on the subdivision plat for business purposes; provided, however, no business shall be conducted on any of said tracts which is noxious or harmful by reason of the emission of odor, dust, smoke, gas fumes, noise or vibration; provided, further, however, that Seller reserves the right until January 1, 1975 to vary the use of any property notwithstanding the restrictions embodied in this contract, should Seller in its sole judgment deem it in the best interests of the property to grant such variances. The granting of any such variance by Seller shall be specifically stated in the deed conveying said tract or tracts.

2. Tracts designated as business may be used for either residential or business purposes; provided, however, that if used for a business, the nature and purpose of the business use shall first be approved in writing by Seller, its successors, assigns or designees. No portion of a tract less than the whole thereof may be sold, and no tract may be resubdivided, without the written approval of Seller, its successors, assigns, or designees.

3. No building, other than a single family residence containing not less than 1100 square feet, exclusive of open porches, breezeways, car ports and garages, and having not less than 25% of its exterior walls constructed of masonry (brick, rock, concrete or concrete products), shall be erected or constructed on any residential tract, and no garage may be erected except simultaneously with or subsequent to erection of a residence. All buildings must be completed not less than six (6) months after laying foundations and no structures or housetrailers of any kind may be moved onto the property. Servants quarters and guest houses may be constructed to the rear of a permanent residence. All buildings must be completely enclosed from the ground level to the lower portion of outside walls so as to maintain a neat appearance and remove posts or piers from outside view.

4. No improvements shall be erected or constructed on any tract nearer than fifty (50) feet to the front property line nor nearer than five (5) feet to the side property line, except that in the case of corner tracts, no improvements shall be erected or constructed within ten (10) feet of side property lines adjacent to streets. No material of any kind shall be placed or stored on any tract unless construction of a permanent residence or permissible business has been commenced and is under way. No used material shall be stored on any tract or used in any construction. In the event materials of any kind are placed on the property which are, in the opinion of the Seller, in violation of the above stipulation and agreement, Seller may notify Purchaser by mail of such violations, and if the violation is not corrected and the subject material is not removed within ten days after the mailing of such notice, Seller may remove said material from the property, dispose of such material, and charge Purchaser with removal and disposition costs, and Seller shall have no liability to Purchaser by virtue of the exercise of such right of removal.

5. No building or structure shall be erected or constructed on any tract until the building plans, specifications, plot plans and external design have first been approved in writing by Seller, or by such nominee or nominees as Seller may designate in writing.

6. No advertising or "for sale" signs shall be erected on any tract without written approval of Seller. Shooting of firearms or hunting for birds or wild game of any kind on any tract is strictly prohibited.

7. No building or structure shall be occupied or used until all exterior portions thereof constructed of lumber shall be finished with not less than two coats of paint. No outside toilet shall be installed or maintained on any tract and all plumbing shall be connected with a sanitary sewer or septic tank approved by the State and local Departments of Health. Before any work is done pertaining to the location of utilities, buildings, etc., approval of said location must be first obtained from the Seller and the local Department of Health. No removal of trees or excavation of any materials other than for landscaping, construction of buildings, driveways, etc., will be permitted without the written permission of Seller.

8. No noxious, offensive, unlawful or immoral use shall be made of any tract.

9. No livestock of any kind shall be raised, bred, or kept on any tract. Dogs, cats, or other household pets may be kept provided that they are not kept, bred, or maintained for any commercial purpose.

10. No tract shall be used or maintained as a dumping ground for rubbish. Trash, garbage or other waste shall not be kept except in sanitary containers. All incinerators or other equipment for the storage or disposal of such material shall be kept in a clean sanitary condition. No junk, wrecking or auto storage yards shall be located on any tract.

11. Seller reserves to itself, its successors and assigns, an easement or right-of-way over a five foot strip along the side, front and rear boundary lines of the tract or tracts herein described, for the purpose of installation or maintenance of public utilities, including but not limited to gas, water, electricity, telephone, drainage and sewerage and any appurtenance to the supply lines thereof, including the right to remove and/or trim trees, shrubs or plants. This reservation is for the purpose of providing for the practical installation of such utilities as and when any public or private authority or utility company may desire to serve said tracts with no obligation to Seller to supply such services. Should a utility pipeline be installed in the rear property easement as herein reserved, Purchaser agrees to install a gate in any fence that shall be constructed on such easement for utility company access to such pipeline.

12. All tracts are subject to easements and restrictions now of record and are subject to any applicable zoning rules and regulations.

13. All minerals in, on and under the property covered hereby not presently owned by other parties under conveyances or reservations now of record, are hereby reserved unto Seller, its successors and assigns, and excluded from this contract.

14. In the event of transfer or assignment of this contract, which can be done only with the consent of Seller in writing, the assignee shall succeed to all of the rights and liabilities of the Purchaser. In the event Seller should consent to such an assignment, a transfer fee of $25.00 will be payable by Purchaser to Seller.

15. The restrictions herein contained shall run with the land until June 1, 1993, provided, however, that the record owners of a majority of the tracts subject to these restrictions shall have the power through a duly recorded written instrument to extend these restrictions for successive ten year periods from and after the aforesaid date.

16. Invalidation of any one of these covenants or restrictions by judgment of any Court shall in no wise affect any of the other provisions which shall remain in full force and effect.

40

C

From:  Stephen J. Bepko
       11823 Thoroughbred Trail
       San Antonio, TX 78253

7 July 2010

To Whom it May Concern:

My name is Stephen J. Bepko, and I have been working in real estate for over 30 years. I am a licensed Real Estate Broker in the State of Texas. During the late 1970's, I was a sales agent for Lakecroft, Inc. when they were developing and marketing the Whispering Hills properties. I was there for a considerable period of time and I know the property well. I sold to strangers and friends alike and even bought some lots for myself and other family members because I believed Whispering Hills was a good location.

Some of the lots I sold were some of those located below the hill at the entrance to Whispering Hills facing State Highway 46. I am aware that there is a disagreement between the owners of these lots and the Whispering Hills property owners association as to whether these are commercial or residential only properties. I can state with absolute certainty that these lots were advertised and sold as commercial properties.

At the request of one of the owners, I have attempted (unsuccessfully) to locate any old marketing documents, e.g., maps, ads, etc. to support their claim. I have also tried to locate other members of the Lakecroft team that could substantiate their claim. It seems they are either deceased or have moved to locations unknown to me.

As indicated above, I have been involved in real estate for many years. If one were to look at the layout of Whispering Hills and see how Lots 1-8 are separated from the rest of Whispering Hills by the sloping hillside and the fact that they face a very busy state highway (Highway 46), you would easily conclude that any developer would have designated these lots as commercial properties.

I have reviewed a copy of the Whispering Hills restrictions and the property report and note that these restrictions provide for both residential and commercial lots. Again, I can state with absolute certainly that Lots 1-8 facing State Highway 46 were designated commercial by Lakecroft, Inc. and were marketed accordingly.

I fully support the request of the owners of Lots 1-8 to have the Comal County property documents reflect that these lots are commercial lots. Should someone care to discuss this matter with me, I can be reached at (210) 679 - 7498

Stephen J. Bepko
Stephen J. Bepko



48