ACCEPTED
05-15-00055-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 5:45:49 PM
LISA MATZ
CLERK

# Johnston Tobey Baruch, P.C.
## Trial & Appellate Lawyers
3308 Oak Grove Avenue
Dallas, Texas 75204
(214) 741-6260
chad@jtlaw.com

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 5:45:49 PM
LISA MATZ
Clerk

December 15, 2015

***By E-Filing***
Lisa Matz, Clerk
Fifth District Court of Appeals
600 Commerce Street, Second Floor
Dallas, Texas 75202

      RE:   Highland Capital Management, L.P. v. Looper Reed & McGraw, P.C.
            No. 05-15-00055-CV

Dear Ms. Matz:

Please circulate this post-submission letter to Justices Lang, O'Neill, and Brown.

Under *Byrd*, if a lawyer acts within the scope of client representation in the litigation context, and does the ***types*** of things lawyers normally do—regardless of whether the lawyer carries them out ***wrongfully***—the lawyer is immune from claims by the opposing party. All of the conduct alleged is the type performed by lawyers.

**1.     Attorney immunity applies to actions connected with litigation—not just acts taken between the date of filing and the date of final judgment.**

Even courts restricting attorney immunity to litigation apply it where "actions were in the context of an adversarial dispute in which litigation was contemplated, impending, or actually ongoing." *Reagan Nat'l Advertising of Austin, Inc. v. Hazen*, No. 03-05-00699-CV, 2008 WL 2938823 (Tex. App.—Austin July 29, 2008, no pet.) (mem. op.). Highland's petition establishes that litigation was "impending" when Looper Reed acted. Moreover, *Byrd* concerned

1

the drafting of a bill of sale more than a year after entry of final judgment—yet the Supreme Court deemed this work to have occurred in the litigation conduct.

**2.      *Byrd* identified only three exceptions—none of which apply.**

Highland does not allege that Looper Reed entered into a fraud scheme with Daugherty separate from the litigation representation (like in *Poole*), drafted any fraudulent document in the transactional context (like in *Essex Crane*), or punched anyone during trial (or, to use Justice Brown's colorful example, had anyone "whacked"). These are the only exceptions identified in *Byrd*.

**3.      We are talking only about civil liability.**

Lawyers who commit criminal acts still must answer for their conduct in criminal and grievance proceedings.

**4.      Other courts have applied attorney immunity to similar conduct and claims.**

During oral argument, Highland argued that "telling someone you will disclose their confidential information" necessarily falls outside the scope of attorney immunity. But in *Alpert*, the court applied attorney immunity to dismiss a claim for aiding and abetting breach of fiduciary duty based on appropriating and ***actually disclosing*** proprietary information to benefit the client. *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 403-04 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Looper Reed's statement allegedly occurred during settlement negotiations. Negotiating settlement is the ***type*** of conduct in which lawyers engage. Whether Looper Reed engaged in that conduct ***wrongfully*** has nothing to do with whether attorney immunity applies to this case.

**5.      McCamish has nothing to do with this case.**

In *McCamish*, the Supreme Court carved out an exception to privity for claims of negligent misrepresentation. Highland did not assert any such claim.

**6.      The allegations are not plausible anyway.**

The Houston and Fort Worth courts now have applied 12(b)(6) pleadings standards under Rule 91a. *Zheng v. Vacation Network, Inc.*, No. 14-13-01136-CV, 2015 WL 3424702 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet. h.);

2

*Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 WL 6493411 (Tex. App.—Fort Worth Dec. 31, 2014, no pet.) (citation omitted). As explained in Looper Reed's brief, Highland's allegations—based solely on a reading of its petition—are not plausible (and, indeed, are conclusory, lacking in necessary detail, and at times internally inconsistent). As a result, their claim lacks any basis in law regardless of the conduct alleged.

Respectfully,

/s/Charles "Chad" Baruch

## Certificate of Compliance

This letter was prepared using Microsoft Word. Relying on the word count function in that software, I certify that it contains 550 words excluding the certificates.

/s/Charles "Chad" Baruch

## Certificate of Service

The undersigned certifies that a true and correct copy of this instrument was served this 15th day of December, 2015, by efiling and email, upon the following counsel of record for appellant:

Paul B. Lackey
pbl@lhlaw.net
Jamie R. Welton
jrw@lhlaw.net
Lawrence Lee Budner
llb@lhlaw.net
Lackey Hershman, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4241

/s/Charles "Chad" Baruch