**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

---
**NO. 03-21-00543-CV**
---

**Jeffrey Wayne Phillips, Appellant**

**v.**

**Rob Roy Homeowners Association, Inc., Appellee**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-004984, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

**M E M O R A N D U M   O P I N I O N**

This is a dispute over unpaid annual assessments and fees allegedly owed to a property owners' association. Jeffrey Wayne Phillips appeals from the district court's grant of summary judgment in favor of the Rob Roy Homeowners Association (HOA) and its awards of damages, fees, and judicial foreclosure. We affirm in part and reverse and remand in part.

**BACKGROUND**

In 2005, Phillips bought a residence in the Rob Roy Subdivision in Austin. The subdivision is governed by certain restrictive covenants. The Declaration of Covenants, Conditions, and Restrictions (Declaration) provides that the HOA administers the subdivision and grants it the power to levy annual assessments. It further provides that each owner "covenants and agrees" to pay the "assessment and charges, if applicable, assessed by the [HOA] in each year" and to be personally liable for each assessment. To enforce this promise, the

Declaration creates a "claim of lien, with power of sale, on each and every Lot within the Subdivision to secure payment of any and all monies charged or levied against any Lot Owner for failure to comply with the restrictions, covenants, conditions, rights and duties imposed, allowed, or granted by . . . this Declaration."

From September 2016 to May 2017, the HOA sent Phillips nine invoices for past-due assessments, fees, and fines for violations of the HOA's rules. After those invoices went unanswered, the HOA retained counsel who sent Phillips three letters requesting payment. In August 2018, the HOA sued Phillips for breach of the restrictive covenants, seeking to recover all past-due sums and to foreclose on the lien on his property.

After proceedings not relevant here, the HOA moved for traditional and no-evidence summary judgment in July 2020. According to Phillips, his counsel did not learn of this motion until October, when he contacted the attorney who had represented the HOA to determine the status of a settlement offer. The HOA's counsel filed a motion to withdraw, and Philips filed a motion for sanctions for not serving the motion for summary judgment in accordance with the rules of civil procedure. *See* Tex. R. Civ. P. 21b. The HOA, represented by new counsel, then filed an amended motion for summary judgment asserting traditional and no-evidence grounds. Specifically, the HOA sought traditional summary judgment on its claims that Phillips breached the covenants and was liable for $21,191.31 plus attorney's fees and for judicial foreclosure. It sought traditional and no-evidence summary judgment on Phillips' defenses of estoppel, foreclosure, and homestead, and his argument that the HOA had not fulfilled all conditions precedent. The HOA supported its traditional motion with evidence, including the HOA's various governing documents, the HOA's record of all transactions with Phillips, multiple invoices and notices of delinquency sent to Phillips, notice of the board

2

meeting at which the HOA's board voted to send Phillips' account to collections and the minutes of the meeting. Phillips filed a response with evidence, including his declaration attesting that his residence in the subdivision was his homestead. The district court granted the HOA's motion without stating its reasons and awarded the HOA $21,191.31 in damages, $18,051.63 in attorney's fees, conditional appellate fees, and authorized foreclosure of the lien. This appeal ensued.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). A party moving for traditional summary judgment must demonstrate that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). A party moving for no-evidence summary judgment asserts that no evidence supports "one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial." *Id.* R. 166a(i). The burden then shifts to the non-movant to produce "summary judgment evidence raising a genuine issue of material fact." *Id.* When a motion asserts traditional and no-evidence grounds, we review the no-evidence ground first. *Community Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). If the non-movant "fails to produce more than a scintilla of evidence on the essential elements of a cause of action challenged by a no-evidence motion, there is no need to analyze the movant's traditional grounds for summary judgment." *Id.*

3

**DISCUSSION**

Phillips challenges the district court's judgment in seven issues. In his first four issues, Phillips argues that district court improperly granted summary judgment on the HOA's claims for breach of the restrictive covenants and judicial foreclosure. In his fifth issue, Phillips argues that the award of attorneys' fees was inappropriate. In his final two issues, he argues that the district court improperly ruled on his motion for sanctions and set the supersedeas bond improperly high.

### *Conditions Precedent*

Phillips argues in his first issue that summary judgment was inappropriate because the HOA failed to comply with the "statutory conditions precedent set forth in Tex. Prop. Code § 2009.0051(h)." Specifically, he argues that no-evidence summary judgment was inappropriate because the HOA had the burden of proof. The HOA responds that Section 209.0051 is not a condition precedent and, even if it is, there is no genuine issue of material fact that the HOA complied with the statute's requirements.

"A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010) (citing *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992)). A plaintiff who alleges that all conditions precedent have been met is not required to provide proof unless the defendant specifically denies them. Tex. R. Civ. P. 54. Phillips argues that the HOA's no-evidence motion was inappropriate because he specifically denied that the HOA complied with certain provisions of Subsection 209.0051(h), placing the burden of proof on the HOA to show that it complied. *See, e.g.*, *Draughon v. Johnson*, 631 S.W.3d 81, 88

4

(Tex. 2021) (explaining that no-evidence motion is inappropriate when movant bears burden of proof). We will assume without deciding that Phillips is correct regarding the burden of proof—and that no-evidence summary judgment was therefore inappropriate—because the HOA conclusively demonstrated that it complied with Section 209.0051(h).

This issue turns on the proper construction of Section 209.0051. The interpretation of a statute is a question of law that we review de novo. *Sirius XM Radio, Inc. v. Hegar*, 643 S.W.3d 402, 406 (Tex. 2022). In construing a statute, we "look to the plain language, construing the text in light of the statute as a whole" because the plain language is the "most reliable guide" to the legislature's intent. *Id.* (citing *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019)).

Under Section 209.0051, the board of a property owners' association, such as the HOA, must conduct business at a meeting open to all members "subject to the right of the board to adjourn a board meeting and reconvene in closed executive session to consider actions involving," among other matters, "pending or threatened litigation." Tex. Prop. Code § 209.0051(c). "Following an executive session, any decision made in the executive session must be summarized orally and placed in the minutes, in general terms . . . ." *Id.* The board may "take action outside of a meeting . . . without prior notice to owners under Subsection (e)," but it "may not, unless done in an open meeting for which prior notice was given to owners under Subsection (e), consider or vote on" certain topics, including "initiation of foreclosure actions" and "initiation of enforcement actions." *See id.* § 209.0051(h)(3), (4). Phillips argues that Subsection (h) restricts a board from considering or voting on any of the enumerated matters in executive session, but Subsection (h) applies, by its terms, when a board "take[s] action outside of a meeting" without giving "prior notice to owners under Subsection (e)." *Id.* § 209.0051(h).

5

A board meets in executive session when it adjourns a public meeting for which all owners have been given notice under Subsection (e). *Id.* § 209.0051(c). Such notice includes a "general description of any matter to be brought up for deliberation in executive session." *Id.* § 209.0051(e). Based on the plain language of the statute, we conclude that a board does not violate subsection (h) by discussing one of the enumerated topics in an executive session that meets the requirements of Subsection 209.0051(c). *See id.* § 209.0051(c), (h).

The HOA attached to its motion for summary judgment a copy of the notice sent by email to all homeowners of a board meeting on April 24, 2017, and the minutes of the meeting. The notice expressly states that the board would consider pending litigation and communications with the HOA's attorney. The minutes reflect that the board voted in executive session to send several delinquent accounts, including Phillips', to the HOA's attorney to initiate legal proceedings. This evidence established that the board voted to sue Phillips while meeting in an executive session that met the requirements of Subsection 209.0051(c). Phillips presented no contrary evidence raising a fact issue that the HOA voted to initiate the foreclosure suit "outside of a meeting . . . without prior notice to owners under Subsection (e)," *id.* § 209.0051(h), including the requirement that "any decision made in the executive session must be summarized orally and placed in the minutes, in general terms, without breaching the privacy of individual owners, violating any privilege, or disclosing information that was to remain confidential at the request of the affected parties," *id.* § 209.0051(c). The district court did not err by granting traditional summary judgment to the HOA on Phillips' argument that the HOA had not fulfilled all conditions precedent. We overrule Phillips' first issue.

*Affirmative Defenses*

Next, Phillips argues that the district court erred by granting summary judgment on his affirmative defenses of limitations, quasi-estoppel, and homestead. The HOA asserted both traditional and no-evidence grounds regarding these defenses.[1]

Regarding limitations, the HOA asserted that there was no evidence that it filed suit after the statute of limitations had run. *See Draughon*, 631 S.W.3d at 89 (limitations requires defendant to prove "(1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter"). Phillips argues on appeal, as he did in the trial court, that the transaction history attached to the HOA's motion contains insufficient detail to show that the debts accrued within the limitations period. Phillips, however, does not identify the date when the cause of action accrued or when limitations expired. He argues only that the transaction history "begins with 'balance forward' entries that do not identify the timeframe over which individual components or even the entire charge accrued." Thus, even if he is correct that the transaction history is insufficiently specific to show when the charges accrued, that does not raise a fact issue on whether the HOA's suit is barred by limitations. The trial court did not err by granting summary judgment on this ground.

---

[1] Although Phillips couches his appellate issue as attacking the grant of the HOA's "no-evidence motion for summary judgment as to Phillips' affirmative defenses of limitations, [and] quasi-estoppel," his substantive argument as to those two defenses is that the HOA failed to carry its traditional summary-judgment burden to negate his defenses as a matter of law. He does not explicitly address the assertions in the HOA's no-evidence motion that there is no evidence to support the elements of either defense. While an appellant must challenge every possible basis for a summary judgment, *see Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995), these issues overlap in some respects. We will construe Phillips's briefing liberally and address his issues as challenging both grounds. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704 (Tex. 2021) (directing courts to liberally construe briefing to reach merits of summary-judgment issue).

Quasi-estoppel "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 337 (Tex. 2020). The doctrine applies when (1) the plaintiff acquiesced to or accepted a benefit under a transaction, (2) the plaintiff's present position is inconsistent with its earlier position when it acquiesced to or accepted the benefit of the transaction, and (3) it would be unconscionable to allow the plaintiff to maintain its present position, which disadvantages the defendant. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); *Bank of Am., N.A. v. Prize Energy Res., L.P.*, 510 S.W.3d 497, 511–12 (Tex. App.—San Antonio 2014, pet. denied). Phillips's argument that quasi-estoppel applies in this case depends on his characterization of the HOA's position as being that the Declaration's procedural requirements for perfecting a lien are not binding—a position that would be inconsistent with its acceptance of money from the property owners with the understanding that it was bound by the Declaration. Phillips, however, points to no evidence that the HOA has made the argument that the lien requirements are nonbinding; the record instead reflects that Phillips and the HOA have different interpretations of what is required to perfect a lien. Phillips having failed to demonstrate that the HOA's present position is inconsistent with its earlier position, the trial court did not err by granting the HOA's no-evidence summary judgment on this ground.

The homestead defense arises from the Texas Constitution. *See* Tex. Const. art. XVI, § 50(a) ("The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts" with certain exceptions). The HOA asserted in its motion that there is no evidence that Phillips' property in the subdivision was his homestead, and he responded with his sworn declaration the property has been his residence

since he purchased it. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 159 (Tex. 2015) (explaining that homestead claimant bears "initial burden of establishing (1) overt acts of homestead usage and (2) the intention to claim the property as a homestead"). We need not resolve this issue, however, because we conclude below in our discussion of Phillips' fourth issue that the HOA failed to show its entitlement to summary judgment on its judicial foreclosure claim, the only claim for which this defense is relevant. *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 546 (Tex. 2016) (observing that "section 50(a) does not create substantive rights beyond a defense to foreclosure of a home-equity lien securing a constitutionally noncompliant loan"); Tex. R. App. P. 47.1 (requiring appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). We overrule Phillips' second issue.

### *Power to assess fines*

Phillips argues in his third issue that the district court erred by concluding the HOA could recover fines on its claim for breach of restrictive covenants. He argued in his response to the HOA's traditional motion that the Declaration does not afford the HOA power to assess fines, and, even if it did, the fines are unenforceable penalties. The HOA responded that the Declaration grants it that authority.

We agree with the HOA. The Declaration states the HOA has all powers set forth in its articles of incorporation and its bylaws that are consistent with the Declaration. The HOA adopted bylaws that authorize its board to "adopt and publish the Association Rules, including regulations governing the use of the Association Property and facilities . . . and to establish penalties and fines for the infraction thereof." Pursuant to this authority, the board adopted the

9

"Community Manual" laying out rules and a schedule of fines for violations. Furthermore, although Phillips is correct that the Declaration does not expressly grant the HOA the authority to impose "fines" as such, it contemplates that the HOA would have authority to charge owners sums for violating rules issued by the Association. The Declaration expressly states that each owner agrees to pay both the annual assessment and the "charges, if applicable, assessed by the Association." The "charges" refer to "all monies charged or levied against any Lot Owner for failure to comply with the restrictions, covenants, conditions, rights and duties." Read as a whole, we agree with the HOA that the Declaration authorizes the HOA to assess fines. *See Dennis v. Beacon Ridge Townhomes Condo. Ass'n of Owners, Inc.*, No. 03-11-00332-CV, 2013 WL 4056212, at *2 (Tex. App.—Austin Aug. 7, 2013, no pet.) (mem. op.) ("[W]hen various provisions of the Declaration are read together, they support the proposition that assessments may be imposed[.]").

Phillips argues in the alternative that the fines are unenforceable penalties rather than damages for breach of contract. "Restrictive covenants are contracts that run with the land and are subject to the general rules of contract construction." *JBrice Holdings, L.L.C. v. Wilcrest Walk Townhomes Ass'n*, 644 S.W.3d 179, 183 (Tex. 2022) (footnote and quotation marks omitted). The "universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages." *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 489 (Tex. 2019) (citing *Stewart v. Basey*, 245 S.W.2d 484, 486 (Tex. 1952)). Phillips argues that the fines amount to penalties because they are not compensation for the HOA's actual damages. But the fines are imposed for violation of the HOA's rules rather than as damages for violating the Declaration. Phillips does

10

not explain why fines imposed by the board of a property owners' association are equivalent to a contractual penalty, and we are aware of no case so holding.[2] We reject Phillips' argument that the fines are unenforceable penalties.

We overrule Phillips' third issue.

### *Judicial Foreclosure*

Next, Phillips challenges the grant of traditional summary judgment on the HOA's claim for judicial foreclosure. The HOA argued in its motion for summary judgment that the Declaration granted it a lien on Phillips' residence to secure any unpaid assessments or fines and that it was entitled to foreclose upon it to satisfy Phillips' debt. To prevail on its claim for judicial foreclosure, the HOA had the burden to prove as a matter of law: (1) the existence of a lien against the property securing payment of the sums due; (2) his failure to pay the debt secured by the lien, and (3) entitlement to foreclosure on the lien to satisfy the debt. *See* Tex. R. Civ. P. 309 (addressing judgments of foreclosure); *Benbrook Econ. Dev. Corp. v. National Bank of Tex.*, 644 S.W.3d 871, 874 (Tex. App.—Fort Worth 2022, no pet.); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied). Phillips argued in his response that the summary-judgment evidence does not show that the HOA followed the steps laid out in the Declaration for the lien to attach.

To decide this question, we construe the Declaration according to the general rules of contract construction. *See JBrice Holdings*, 644 S.W.3d at 183. Our goal in "construing

---

[2] The HOA pled in the alternative that Section 204.010 of the Property Code granted it the authority to levy fines. *See* Tex. Prop. Code § 204.010(a)(10). Phillips argues on appeal that Section 204.010 does not apply in Travis County. We need not address that issue because we have concluded the Declaration grants the HOA that authority. *See* Tex. R. App. P. 47.1.

11

contracts is to give effect to the written expression of the parties' intent." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 888 (Tex. 2019). We presume the parties intend what the words of the contract say and "interpret contract language according to its 'plain, ordinary, and generally accepted meaning' unless the instrument directs otherwise." *Id.* (quoting *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 763–64 (Tex. 2018)). However, we do not interpret any provision in isolation but "examine the entire agreement and give effect to each provision so that none is rendered meaningless." *Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445, 450 (Tex. 2015).

Section 8.16 begins by stating:

> There is, to the full extent permitted by law, hereby created a claim of lien, with power of sale, on each and every Lot within the Subdivision to secure payment of any and all monies charged or levied against any Lot Owner for failure to comply with the restrictions, covenants, conditions, rights and duties imposed, allowed, or granted by the provisions of this Declaration.

The HOA argues, as it did below, that this section created an enforceable lien that attached to every residence in the subdivision. The remainder of that section lays out when the lien arises and how it becomes enforceable:

> Such lien shall arise upon the failure of the Lot Owner to pay any monies charged or levied pursuant to this Declaration within thirty (30) days of the date on which the Lot owner receives written notice of the charge. Each such default or violation shall constitute a separate basis for a demand or claim of lien or a lien . . . . Such a claim of lien shall be executed and acknowledged by an officer of . . . [the HOA] and shall contain substantially the following information:
>
> > a) the name of the delinquent Owner;
> >
> > b) the legal description and street address of the Lot against which the claim of lien is made; and
> >
> > c) the total amounts claimed to be due and owing for the unpaid amount,

interest thereon, collection cost and reasonable attorney's fees (with any proper offset allowed).

Upon recordation of a duly executed original or copy of such claim of lien, and mailing of a copy thereof to said owner, the lien claimed therein shall immediately attach and become effective in favor of the [HOA] as a lien upon the Lot against which the charge was levied. Any such lien may be enforced and foreclosed by appropriate action in a court or in a manner provided by law for foreclosure of a mortgage or trust deed as set forth by the laws of the State of Texas, as the same may be changed or amended from time to time[.]

Construed as a whole, Section 8.16 created a "claim of lien" on each residence in the subdivision at the time the Declaration was filed, but a lien does not "attach and become effective" until a claim of lien containing certain information is executed by an officer of the HOA, recorded in the real property records, and sent to the owner.[3] In its motion for summary judgment, the HOA argued there was no issue of material fact that it complied with this requirement because it provided Phillips with "written notice of the delinquency and failure to pay the past due amounts." As proof, it attached to its motion copies of invoices sent to Phillips. But Section 8.16 requires more than simple notice for the lien to "attach and become effective." The HOA provided no evidence that it recorded a claim of lien with the required information or that such a claim was sent to Phillips.

Instead of disputing this, the HOA argues that Phillips waived any objection to enforcement of the lien. The final sentence of Section 8.16 states, "Each Owner, by becoming an Owner of a Lot in the Subdivision, hereby expressly waives any objection to the enforcement and foreclosure of this lien in this manner." According to the HOA, Phillips waived any

---

[3] The HOA argues that "[p]ursuant to Texas law, the lien has existed from the time of the filing of the declaration (February 7, 1980)" and cites *Inwood North Homeowners' Association v. Harris*, 736 S.W.2d 632 (Tex. 1987). The supreme court concluded, based on the language of the declaration, that a contractual lien existed from the time it was filed. *Id.* at 364. *Inwood* is distinguishable because it appears that the declaration did not require the property owners' association to take any steps to make the lien enforceable. *See id.*

objection to enforcement of the lien by virtue of purchasing his residence. But this reading would render meaningless the earlier portions of Section 8.16, which lay out the steps the HOA must take for the lien to "attach and become effective." *See Kachina Pipeline*, 471 S.W.3d at 450 (explaining that courts interpreting contracts must "give effect to each provision so that none is rendered meaningless"). Construing the waiver sentence together with the other parts of Section 8.16, we conclude that Phillips did not waive the right to contest whether the lien attached.

On this record, we cannot say that there is no genuine issue of material fact that the HOA possessed an enforceable lien. We sustain Phillips' fourth issue.

### *Attorney's Fees*

Phillips challenges the award of attorney's fees in his fifth issue. Specifically, he contends that the judgment did not properly condition the award of appellate fees on success on appeal and that it is improper to award fees for recovery of fines.

The district court's judgment awards the HOA an additional $5,500 in attorney's fees if Phillips appeals to the court of appeals and another $5,500 if he appeals to the supreme court, if "such appeal is partially or wholly unsuccessful." Phillips argues that this award is improper because it would penalize him for taking a successful appeal if it was not completely successful. The HOA responds that there is no bar to conditioning appellate attorney's fees in this manner.

We agree with Phillips. "A trial court may not penalize a party for taking a successful appeal." *In re Marriage of Comstock*, 639 S.W.3d 118, 144 (Tex. App.—Houston [1st Dist.] 2021, no pet.). To that end, an "award of appellate attorney's fees should be

14

dependent on which party prevails on appeal." *Green v. Villas on Town Lake Owners Ass'n, Inc.*, No. 03-20-00375-CV, 2021 WL 4927414, at *8 (Tex. App.—Austin Oct. 22, 2021, pet. denied) (mem. op.) (citing *Northern & Western Ins. Co. v. Sentinel Inv. Grp.*, 419 S.W.3d 534, 541 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). More specifically, "a trial court cannot require an appellant to pay appellee's appellate attorney's fees for any appellate issue on which the appellant is the prevailing party." *McCain v. McCain*, 636 S.W.3d 679, 686 (Tex. App.—Austin 2021, no pet.) (citing *Robertson v. Robertson*, No. 13-16-00309-CV, 2017 WL 6546005, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2017, no pet.) (mem. op.)). The award of conditional fees here could require Phillips to pay the HOA attorney's fees for the issues he prevailed upon. Accordingly, we will remand the issue of conditional appellate fees to the district court to determine the amount of fees to be awarded to the HOA given that Phillips was partially successful in this appeal. *See Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (remanding appellate attorney's fees to the trial court for segregation of fees for successful claims, or to demonstrate why segregation is not required).

Regarding the award of trial-level fees, two parts of the Declaration address attorney's fees: Section 8.06 provides that in any action to enforce the restrictions, the "prevailing parties shall be entitled to recover cost and expenses, including reasonable attorney's fees," and Section 8.16 provides that if a lien is foreclosed, "reasonable attorney's fees, court costs, title search fees, interest and all other costs and expenses shall be allowed to the extent permitted by law." Given our disposition of this appeal, the district court may find it appropriate to reconsider it awards of fees. On this basis, we reverse the award of trial fees and remand to the district court for reconsideration. *See Williams v. Williams*, No. 03-21-00109-CV,

15

2022 WL 16702520, at *7 (Tex. App.—Austin Nov. 4, 2022, no pet.) (mem. op.) (reversing award of fees because lower court "may wish to reconsider its award of attorney's fees" based on disposition of appeal); *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 7 (Tex. App.—Austin 2007, pet. denied) (reversing award of fees and remanding for further consideration because of reversal of summary judgment). We sustain Phillips' fifth issue.

### *Motion for Sanctions*

Phillips argues in his sixth issue that the district court's judgment improperly disposed of his pending motion for sanctions. He interprets language in the judgment stating that "[t]his judgment finally disposes of all parties and all claims, . . . and is appealable" as disposing of the motion even though the HOA's motion for summary judgment did not address it. The HOA responds that Phillips abandoned the motion or, in the alternative, that he waived error by failing to obtain a ruling before the district court granted summary judgment.

We agree with the HOA that Phillips waived error. Phillips moved to sanction the HOA and its former counsel pursuant to Rule 215.2(b) for failing to serve a copy of the HOA's then-current motion for summary judgment. *See* Tex. R. Civ. P. 21 ("Every pleading, plea, motion, or application to the court for an order . . . must be served on all other parties[.]"), 21b (providing that if any party fails to comply with Rule 21, "the court may in its discretion, after notice and hearing, impose an appropriate sanction" under Rule 215.2(b)). Generally, a failure to obtain a pretrial ruling on a request for sanctions under Rule 215.2(b) waives any claim for sanctions based on that conduct. *See Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993); *In re Smith*, No. 01-19-00014-CV, 2020 WL 5269417, at *6 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, no pet.) (mem. op.). Phillips filed a motion for sanctions

seeking to, among other things, strike the motion for summary judgment but did not set it for a hearing or obtain a ruling before the district court granted summary judgment. We conclude that Phillips waived his request for sanctions by failing to obtain a pretrial ruling. *See Trussell Ins. Services, Inc. v. Image Sols., Inc.*, No. 12-09-00390-CV, 2010 WL 5031100, at \*4 (Tex. App.—Tyler Dec. 8, 2010, no pet.) (mem. op.) ("Sanctions for alleged violations of chapter 10 known to the movants before trial are waived if a hearing and ruling are not secured pretrial."); *see also Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 446 (Tex. App.—Austin 2004, pet. denied) (holding Texas Mutual waived motion to compel by failing to obtain pretrial ruling).

### *Supersedeas Bond*

Phillips argues in his final issue that the district court abused its discretion by setting the supersedeas bond too high. When recovery is for money, the bond "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). Phillips argues that fines are not compensatory damages and so are not properly included in the calculation. Although Phillips states that he was "required" to post a bond in the full amount awarded in the judgment—consisting of fees and fines—nothing in the record shows that the trial court issued a ruling setting the bond in that amount and therefore no trial court ruling is presented for our review. *See id.* R. 24.1(b)(2) ("On motion of any party, the trial court will review the bond."), 24.4(a) (authorizing party to "seek review of the trial court's ruling by motion filed in the court of appeals"). We overrule Phillips' seventh issue.

17

**CONCLUSION**

We reverse the grant of summary judgment on the HOA's judicial foreclosure claim and the award of attorney's fees and we remand those claims to the district court for further proceedings. We affirm the remainder of the judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed in Part, Reversed and Remanded in Part

Filed: April 7, 2023